UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| LAKESHA NORINGTON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff | ) | |
| | ) | CAUSE NO. 3:11-CV-125 RM |
| v. | ) | |
| | ) | |
| MITCHELL E. DANIELS, JR., *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Lakesha Norington, a/k/a Shawntrell Marcel Norington, a *pro se* prisoner, submitted an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

As in the original complaint, Ms. Norington alleges that she has been subjected to sexual discrimination, gender discrimination, and fabrication of records because she is a transsexual.[1] Nevertheless,

> a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). In support of her claims, Norington has identified several discrete acts of discrimination.

She alleges that she is called a "fag" and a "bitch." Though unkind, "simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000). Calling names doesn't violate the constitution and does not state a claim.

Ms. Norington alleges that she was moved to a different cell after she was accused of throwing a tray. As explained in Sandin v. Conner, 515 U.S. 472, 485 (1995), "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." Id. Though Ms. Norington argues

---

[1] She previously made clear that she is not asserting a claim for a denial of medical treatment. "Nowhere in plaintiff's complaint or its attached Exhibit A does Ms. Norington remotely come close to mentioning anything about medical care, she does not even imply or hint in any fashion anything of the sort being a claim of hers that is being raised." ECF 10 at 1

2

that she didn't throw the tray, the charges against her were a non-discriminatory reason for moving her to a different cell.

Ms. Norington alleges that she was falsely charged with throwing a tray. She alleges that during the disciplinary hearing, later appeals, and grievances arising out of that incident, she was denied due process in various ways. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." McPherson v. McBride, 188 F.3d 784, 787 (7th Cir. 1999).

In case number ISP 10-10-0069, Ms. Norington was found guilty of assault with her food tray. As a result, she lost fifteen days earned credit time. She argues that she isn't guilty of that assault and that there was no evidence to support the finding of guilt. This isn't the proper proceeding to challenge the prison disciplinary hearing body's finding because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." Heck v. Humphrey, 512 U.S. 477, 481 (1994). In Edwards v. Balisok, 520 U.S. 641 (1997), the United States Supreme Court made clear that the principles of Heck apply to prison disciplinary cases.

> In Heck, this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

520 U.S. at 643 (citation and quotation marks omitted). Because a finding of liability in this case would inherently undermine the validity of her disciplinary hearing and because the

finding of guilt hasn't been invalidated, she can't proceed with these claims until that finding is overturned on administrative appeal or in a habeas corpus proceeding.

Ms. Norington also alleges that several supervisors were obligated to intervene to help her and that she informed several defendants about the problems she was having, to no avail. First, "[t]he doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001). Furthermore, liability doesn't attach to a defendant solely because he knew about Ms. Norington's issues.

> Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients . . .. That can't be right.

Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009).

> Burks's contention that any public employee who knows (or should know) about a wrong must do something to fix it is just an effort to evade, by indirection, Monell's rule that public employees are responsible for their own misdeeds but not for anyone else's. Section 1983 establishes a species of tort liability, and one distinctive feature of this nation's tort law is that there is no general duty of rescue. DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189 (1989), shows that this rule applies to constitutional tort law, as to private tort law, for DeShaney holds that a public employee who knows about a danger need not act to avert it.

Id. at 596 (parallel citations omitted, brackets in original). The same is true here.

Ms. Norington further alleges that she received a letter addressed to "Mr. Norington" rather than "Ms. Norington." Though it might be offensive to refer to a

4

transsexual person who is anatomically male as "Mr." rather than "Ms.", the incorrect use of a social title isn't a constitutional violation. At most it is *de minimus* harassment.

Finally, even when all of these individual events are considered together, the cumulative effect doesn't rise to the level of harassment necessary to constitute an independent, actionable claim.

> Any harassment of a prisoner increases his punishment in a practical sense, if we equate punishment to the infliction of disutility (and why not?). But harassment, while regrettable, is not what comes to mind when one thinks of "cruel and unusual" punishment. Nor does it inflict injury comparable in gravity to failing to provide a prisoner with adequate medical care or with reasonable protection against the violence of other prisoners. The line between "mere" harassment and "cruel and unusual punishment" is fuzzy, but we think the incident with the noose and the "evil eyes" falls on the harassment side of the line because it was not a credible threat to kill, or to inflict any other physical injury. The case falls well short of Burton v. Livingston, 791 F.2d 97, 100-01 (8th Cir. 1986), where a prisoner alleged that a guard pointed a gun at him, cocked it, called him "nigger," and repeatedly threatened to shoot him, or Irving v. Dormire, *supra*, 519 F.3d at 449-50, where a prisoner alleged that a guard had threatened to kill him, repeatedly offered a bounty to any prisoner who would assault him, and gave a prisoner a razor blade with which to assault him. *See also* Northington v. Jackson, *supra*, 973 F.2d at 1524.

Dobbey v. Ill. Dep't of Correction, 574 F.3d 443, 446 (7th Cir. 2009).

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: June  6 , 2011             /s/ Robert L. Miller, Jr.
                                    Judge
                                    United States District Court

cc: L. Norington